UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT PATRICK ZAPIA,<br><br>          Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A., and DOES 1-100, inclusive,<br><br>          Defendants. | Case No.: 3:18-cv-026-CAB-(JLB)<br><br>**ORDER ON MOTION TO DISMISS**<br>**[Doc. No. 15.]** |

  This matter is before the Court on the motion to dismiss filed by Defendant Wells Fargo Bank, N.A. ("Wells Fargo"). [Doc. No. 15.] The Court has determined that it does not need Defendant's reply in order to decide the motion and finds it suitable for determination on the papers submitted and without oral arguments in accordance with Civil Local Rule 7.1(d)(1). For the following reasons, the motion is granted.

**I. Background**

  On January 4, 2018, Plaintiff filed suit against Wells Fargo alleging breach of contract and violation of 12 C.F.R. 1024.35 ("Regulation X"). [Doc. No. 1.] At the March 29, 2018 hearing Wells Fargo's motion to dismiss was granted. The Court found that there is no private cause of action with respect to Regulation X and granted Plaintiff leave to amend the breach of contract claim within very distinct parameters. [Doc. No. 12.]

Specifically, the Court cautioned Plaintiff's counsel that the breach of contract claim was to proceed from the time Plaintiff cured the notice of default on May 24, 2016. Further, the Court explicitly stated that any claims or allegations that related back to matters that were at issue or could have been addressed in the earlier lawsuits between the parties could not be re-litigated in the case at bar.

On April 26, 2018, Plaintiff filed the First Amended Complaint ("FAC"). [Doc. No. 14.] The FAC alleges a single claim against Wells Fargo for breach of contract. The complaint alleges that in 2002, Plaintiff borrowed $558,750.000 from World Savings Bank, FSB, pursuant to a written promissory note (the "Note"), secured by a deed of trust on the real property located at 1560 Stevenson Court, San Marco, CA, 92069. [*Id.* at ¶¶ 1, 8.] Wells Fargo is the successor in interest to the original lender. [*Id.*]

The Note provided that the "interest rate charged would be adjustable by adding 3.200 percentage points to an "index" defined in the note as "the monthly weighted average cost of savings, borrowings and advances of members of the Federal Home Loan Bank of San Francisco." [*Id.* at ¶ 9.] Under the terms of the Note, Plaintiff was to make bi-weekly payments beginning on September 20, 20002 until its maturity date of September 16, 2032. [*Id.* at 9, ¶ 4.[1]] The biweekly payment amount was fixed at $1,457.38 until 29 September, 2003. [*Id.* at ¶¶ 4(B), 4(C).] After that date, the biweekly payment amount could be "changed [on the Payment Change Date] to an amount sufficient to pay the unpaid principle balance, including any deferred interest." [*Id.* at ¶ 4(C), 4(D).]

The Note allowed for a modification period, setting the interest rates for the modification period at 6.047 and 4.750 percent. [*Id.* at 8, ¶ 2.] Following the modification period, the interest to be paid on the Principal may "change on the 14th day of October, 2002, and on every other Monday thereafter. Each date on which my interest rate could change is called an 'Interest Change Date.'" [*Id.* at ¶ 3(B).]

---

[1] Document numbers and page references are to those assigned by CM/ECF for the docket entry

Plaintiff asserts he has and continues to make all payments demanded by Wells Fargo under the Note, but complains that Defendant has failed to properly apply his payments to the account. [Doc. No. 14 at ¶ 10.] Further, it is alleged that Wells Fargo has sent billings to Plaintiff incorrectly reflecting a fixed interest rate of 7.080 percent, rather than the variable rate set forth in the Note; has demanded payments based off of this incorrect interest calculation; has failed to credit the payments Plaintiff has made and reduce the principal amount owed; has failed and refused to correct the identified error in calculation of interest and the amount owed resulting in an overpayment by Plaintiff in excess of the amounts owed under the Note. [*Id.* at ¶¶ 11-16.] As a result of these overpayments, Plaintiff complains that Defendant "had a contractual obligation to reconvey the property to Plaintiff and release the mortgage obligation after Plaintiff paid the amounts owed under the note." [*Id.* at ¶17.] Plaintiff alleges that Wells Fargo's failure and refusal to accurately credit payments made on the Note and release the mortgage is a breach of the contractual obligation set forth in the Note. [*Id.* at ¶ 19.]

On May 10, 2018, Wells Fargo filed a motion to dismiss, seeking dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. [Doc. No. 15.] Along with its motion for dismissal, Wells Fargo filed a request for Judicial Notice. [Doc. No. 16.] On May 17, 2018, Plaintiff filed his response in opposition and an objection to Defendant's request for judicial notice. [Doc. Nos. 17, 17-2.]

## II. Legal Standard

Under Rule 12(b)(6), a party may bring a motion to dismiss based on the failure to state a claim upon which relief may be granted. A Rule 12(b)(6) motion challenges the sufficiency of a complaint as failing to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). Ordinarily, for purposes of ruling on a Rule 12(b)(6) motion, the court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the non-moving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.,* 519 F.3d 1025, 1031 (9th Cir. 2008). But, a "pleading that offers 'labels and conclusions' or 'a formulaic recitation

of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 555). "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

### III. Judicial Notice

At the motion to dismiss stage a court may consider materials incorporated into the complaint or matters of public record, without converting the motion to dismiss into a motion for summary judgment. *Coto Settlement v. Eisenberg.* 593 F.3d 1031, 1038 (9th Cir. 2010) (citation omitted); *U.S. v. Ritchie,* 432 F.3d 903, 908 (9th Cir. 2003) ("The defendant may offer such a document, and the district court may treat such a document as part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)."). The Ninth Circuit has extended the "incorporation by reference" doctrine to take into account documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading." *Id.; See Knievel v. ESPN,* 393 F.3d 1068, 1076 (9th Cir. 2005); *see also Van Buskirk v. CNN,* 284 F.3d 977, 980 (9th Cir. 2002). The court may disregard allegations in a complaint that are contradicted by matters properly subject to judicial notice. *Daniels-Hall v. Nat'l Educ. Ass'n,* 629 F.3d 992, 998 (9th Cir. 2010).

Here, Wells Fargo requested the Court take judicial notice of: (1) the Second Amended Complaint filed on August 11, 2015 in the United States District Court for the Southern District of California, Case No. 3:14-cv-01428-WQH-DHB; (2) the judgment filed on December 28, 2015 in 3:14-cv-01428-WQH-DHB; (3) the modification agreement dated September 20, 2007 and signed by Plaintiff on September 28, 2007. [Doc. No. 16.]

Wells Fargo moves for judicial notice under Federal Rule of Evidence 201(b) because the first two documents, attached as Exhibits A-B, are true and correct copies of official records of United States District Court for the Southern District of California, whose authenticity is not subject to reasonable dispute and their accuracy cannot

reasonably be questioned. Additionally, Wells Fargo seeks judicial notice of the modification agreement, attached as Exhibit C, on the grounds that the document is referred to and/or forms the basis of the allegations in the FAC and because the document forms part of loan contract upon which plaintiff is suing. Plaintiff has not opposed the use of two of the documents but challenges the authenticity of the modification agreement, with Plaintiff attesting that he has never seen the document before nor executed it and alleging it is a forgery. [Doc. Nos. 17-2, 17-3.]

Accordingly, the Court takes judicial notice of Exhibits A-B filed in support of the motion to dismiss. [Doc. No. 16.] *See, e.g., Hendricks v. Wells Fargo Bank, N.A.*, No. CV-15-01299-MWF (JEMx), 2015 WL 1644028, at * 1 (C.D. Cal. Apr. 14, 2015) (finding it appropriate to take judicial notice of the mortgage note and modification agreement that formed the basis of the allegations contained in the complaint). Further, the Court takes judicial notice of the order of dismissal issued by the Honorable William Q. Hayes in the 2014 case. *See Intri-Plex Technologies, Inc. v. Crest Grp.,* 499 F.3d 1048, 1052 (9th Cir. 2007) ("a court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment, as long as the facts noticed are not subject to reasonable dispute.") (internal quotation marks and citation omitted). Because the authenticity of Exhibit C is in dispute, the Court will not take judicial notice of the document when considering the current motion.

**IV.   Discussion**

Wells Fargo move to dismiss the FAC for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Wells Fargo asserts that Plaintiff's claim is barred by *res judicata* and the allegations are contrary to the parties' written loan agreements. [Doc. No. 15.]

Wells Fargo argues that the current lawsuit is virtually identical to another suit Plaintiff brought against it namely, Case Number 14-cv-1428-WQH-DHB ("14cv1428") filed in the Southern District of California. [Doc. No. 15-1 at 5-8.] Wells Fargo contends that in the earlier matter Plaintiff made essentially the same allegations he does now

regarding the alleged overpayment and serving errors on the loan secured by the real property at 1560 Stevenson Court and also claimed Wells Fargo failed to properly apply payments that Plaintiff supposedly made. [*Id.* at 6.] Wells Fargo posits that because the claim at issue here has been previously litigated, the doctrine of res judicata bars Plaintiff's current breach of contract claim. [*Id.*] Plaintiff counters that res judicata does not apply because he is seeking redress for Wells Fargo's present misconduct. [Doc. No. 17-1 at 3.] Specifically, Plaintiff identifies the present wrongs as Wells Fargo's failure to re-convey the property to him now that he has paid more than is owed under the Note and Deed of Trust along with Wells Fargo's continued practice of sending Plaintiff monthly billing statements under threat of foreclosure. [*Id.*]

The doctrine of res judicata, or claim preclusion, bars repetitious suits involving the same claim that have already been decided in a prior proceeding. *Cell Therapeutics, Inc. v. Lash Grp., Inc.*, 586 F.3d 1204, 1212 (9th Cir. 2010). Res judicata applies "if (1) the decision in the prior proceeding is final and on the merits; (2) the present proceeding is on the same cause of action as the prior proceeding; and (3) the parties in the present proceeding, or parties in privity with them, were parties to the prior proceeding." *Id.* at 577. "Newly articulated claims based on the same nucleus of facts may still be subject to a res judicata finding if the claims could have been brought in the earlier action." *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1078 (9th Cir. 2003).

Determining whether the decision in the prior proceedings involves an identity of claims requires the court to apply four criteria, namely:

> A court is to apply four criteria to decide whether there is an identity of claims: "(1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts." *United States v. Liquidators of European Fed. Credit Bank*, 630 F.3d 1139, 1150 (9th Cir.2011). *The fourth criterion is the most important*. *Id.* at 1151.

*Harris v. Cnty. of Orange,* 682 F.3d 1126, 1132 (9th Cir.2012) (emphasis added); *see also Stratosphere Litig. L.L.C. v. Grand Casinos, Inc.*, 298 F.3d 1137, 1143 n.3 (9th Cir. 2002) ("Identity of claims exists when two suits arise from the same transactional nucleus of facts.") (internal quotations and citation omitted).

Here, all three elements of claim preclusion are met. First, there is identity or privity of parties as Mr. Zapia is the Plaintiff in both cases and Wells Fargo is a defendant, or successor in interest. *See, e.g., Vawter v. Bank of Am. N.A.,* 108 F. Supp. 3d 719, 724 (D. Ariz, June 5, 2015) ("The weight of authority in the federal courts holds that a trustee and beneficiary under the note are in privity for purposes of claim preclusion because their interests with respect to the relevant loan and the collection of payments thereunder are in identical."). Second, final judgment on the merits was entered pursuant to Rule 12(b)(6) in the earlier suit. *See Stewart v. U.S. Bancorp*, 297 F.3d 953, 957 (9th Cir. 2002) ("Supreme Court precedent confirms that a dismissal for failure to state a claim under Rule 12(b)(6) is a judgment on the merits to which res judicata applies.") (internal quotation marks and citation omitted).

The third element is met because there is an identity of claims between the instant case and the prior action. In the 14cv1428 case, Plaintiff brought suit against World Savings Bank, FSB, Wells Fargo Bank Southwest, N.A., Wells Fargo Home Mortgage, Wells Fargo, N.A, and Golden West Savings Association Service Co., for unjust enrichment, declaratory relief, fraud and an accounting. [Doc. No. 16 at 6-30.] The SAC in 14cv1428 alleged that after requesting and receiving an almost complete accounting from Wells Fargo on the outstanding lien on the Property at 1560 Stevenson Court, San Marcos, Plaintiff and his accountant went through the account and discovered that payments on the lien had not been appropriately credited, Plaintiff had overpaid interest for 3 years and was never properly credited for the increased rate. [*Id.* at 20-21.] Further, Plaintiff challenged the necessity of the inspections of the property and questioned the validity of the inspection fees. [*Id.* at 21.] As a result, Plaintiff sought a declaration

quieting title and voiding the Promissory Notes and Deeds of Trust securing the Property. [*Id.* at 29.] On December 28, 2015, Judge Hayes dismissed with prejudice the second amended complaint, finding that the accounting, fraud, unjust enrichment claims were preempted by the Home Owners' Loan Act and denied Plaintiff's request for a stay in the proceedings. [Doc. No. 75 at 2-4, 12-16, on the docket of 14cv1428.] Judge Hayes also found that the fraud claims were not pled with the requisite specificity required by Federal Rule of Civil Procedure 9(b). [*Id.* at 14-16.] Plaintiff's subsequent motion for reconsideration was denied.

The case at bar involves allegations of breach of contract by Wells Fargo regarding the servicing of the mortgage on the Property. The allegations in the current FAC revolve around the monthly payments due under the Note and Wells Fargo inability to properly credit payments to Plaintiff's account. While this claim is not exactly identical to those raised in Plaintiff's earlier suit both involve the property and contract rights pertaining to Plaintiff's loan. [*Compare* Doc. No. 14, ¶¶ 8, 10-16, 26 *with* Doc. No. 16 at 6-30, ¶¶ 3, 9, 63.] Plaintiff's attempt to limit his pleading by specifically asserting a breach of contact claim does not shield the current suit from application of the doctrine of res judicata. General allegations regarding the charging of excessive fees and the fluctuating interest rates associated with the loan were, along with the incomplete accounting, subjects of the earlier suit. Additionally, the breach of contract claim could have been brought alongside the unjust enrichment, declaratory relief, fraud and an accounting claims because they all stemmed from the same alleged misconduct. *See, e.g., Tahoe-Sierra,* 322 F.3d at 1078 ("Newly articulated claims based on the same nucleus of facts may still be subject to a res judicata finding if the claims could have been brought in the earlier action.").

Moreover, at the March 29, 2018 hearing the Court gave Plaintiff's counsel leave to amend to assert allegations covering a restricted time period. The FAC fails to limit the allegations to the events that occurred since May 24, 2016, the day on which Plaintiff became current on his default, as Plaintiff's counsel was specifically instructed to do. The FAC does not allege that since May 24, 2016, Plaintiff has received bills from Wells Fargo

that incorrectly state his balance and do not correctly reflect the terms of the note as of that date. Rather, the FAC continues to make general, vague allegations that appear to predate the 2014 lawsuit. Additionally, the exhibit Plaintiff relies on to demonstrate his overpayment of the amounts owed under the Note includes loan payments dating as far back as March 1, 2008 and provide further evidence that Plaintiff is attempting to re-litigate the issues he raised in the 2014 suit. [*See* Doc. No. 14 at 37- 53.] This is exactly what Plaintiff's counsel was cautioned not to do. This inability or unwillingness to limit the allegations to events that have occurred since Plaintiff cured the default, leads to the conclusion that both cases share the commonality of stemming from Plaintiff's loan on the real Property and arise out of the same transactional nucleus of facts.

Notably, the only evidence Plaintiff has provided in support of his position is the "accounting" attached to the complaint with no further explanation. Missing from the Complaint are any facts, allegations or supporting documentation that the lump sum paid to cure the default paid off the mortgage loan in its entirety thereby relieving Plaintiff of any obligation to make any future mortgage payments. Aside from general, conclusory statements regarding the business transactions between the parties there are no factual allegations surrounding the curing of default. No facts are provided as to the understanding between the parties as to what the cure would result in, no facts demonstrate that as a result of the cure Plaintiff would owe zero dollars on the mortgage loan, and no facts illustrate that after the payment of the default the property was going to be transferred to Plaintiff.

### V. Conclusion

At the March 2018 hearing, the Court raised serious concerns surrounding the propriety of allowing Plaintiff to continue with this current action. The Court posed a number of questions to Plaintiff's counsel and provided very clear guidance as to what allegations would need to be alleged within the FAC, yet the deficiencies noted by the Court have not been cured. Accordingly, for the reasons set forth above, Plaintiff's claim

against Wells Fargo is precluded by the doctrine of res judicata.[2]  Because such a finding makes any amendment necessarily futile, Plaintiff's complaint is **DISMISSED WITH PREJUDICE.**  The Clerk of the Court shall close this case.

It is **SO ORDERED**.

Dated:  June 1, 2018

Hon. Cathy Ann Bencivengo
United States District Judge

---

[2] Having dismissed on claim preclusion grounds, the Court deems it unnecessary to address Plaintiff's claim on the merits.